UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

MONOTYPE IMAGING INC., MONOTYPE GMBH, MONOTYPE ITC INC., AND MYFONTS INC.,
    Plaintiffs

V.

CHECKERBOARD, LTD. AND eINVITE, LLC,
    Defendants

NO. 14-CV-12079-WGY

## ANSWER

Checkerboard, LTD and eInvite, LLC ("the Defendants") make the following answer to each claim and averments in the Complaint of Monotype Imaging Inc., Monotype GMBH, Monotype ITC Inc., and Myfonts Inc. (collectively "Monotype"):

1.    The Defendants state that Paragraph 1 purports to describe the Complaint and that no answer is required.

2.    The Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 2.

3.    The Defendants admit that they provide custom invitations and similar custom printed products, but otherwise are without sufficient knowledge to admit or deny the allegations of Paragraph 3.

4.    The Defendants admit that Checkerboard at various times purchased various software programs which included the various fonts, for some of which Monotype now claims to own the trademark. The Defendants otherwise deny the allegations of Paragraph 4.

5.  The Defendants deny the allegations of Paragraph 5.

6.  The Defendants deny the allegations of Paragraph 6.

7.  The Defendants state that eInvite is a sister company of Checkerboard, located in the same facility, using the same equipment, employing the same persons, and reporting income and expenses on a consolidated financial statement.  The Defendants state that eInvite markets directly to consumers while Checkerboard markets to retailers who interact with consumers.  The Defendants otherwise deny the allegations of Paragraph 7.

8.  The allegations of Paragraph 8 appear to be allegations of law.  To the extent that they are intended to be allegations of fact, the Defendants deny the allegations of Paragraph 8.

9.  The Defendants state that the allegations of Paragraph 9 appear to be allegations of law.  To the extent that the allegations of Paragraph 9 are intended to be allegations of fact, the Defendants deny the allegations of Paragraph 9.

10.  The Defendants state that they engaged in discussions with Monotype seeking to avoid the expense of litigation.  The Defendants state that, while they do not need any additional licenses from Monotype, they have proposed various approaches to licensing for purposes of a settlement to avoid the expense of litigation.  The Defendants otherwise deny the allegations of Paragraph 10.

11.  The allegations of Paragraph 11 appear to be allegations of law, to which no response is required.  To the extent that the allegations in Paragraph 11 are intended to be allegations of fact, the Defendants deny the allegations of Paragraph 11.

## PARTIES

12.  The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 12.

13. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 13.

14. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 14.

15. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 15.

16. The Defendants admit the allegations of Paragraph 16, and state that some of the equitable interest in Checkerboard is held for the benefit of the children or spouse of Micah Chase. The Defendants state that Micah Chase operates and controls Checkerboard and eInvite.

17. The Defendants admit the allegations of Paragraph 17.

## JURISDICTION AND VENUE

18. The Defendants admit that this Court has subject matter jurisdiction.

19. The Defendants admit that this Court has venue.

### Plaintiffs' Business

20. The Defendants are without sufficient knowledge as to the business of the plaintiffs. The Defendants admit that there are various typefaces and fonts in common use.

21. The Defendants admit that there are software programs which use typefaces. The Defendants are without sufficient knowledge as to creation or ownership of font software programs by the plaintiffs.

22. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 22.

**Plaintiffs' Trademarks**

23. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 23.

24. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 24.

25. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 25.

26. The Defendants admit that Paragraph 26 summarizes the copies of various federal trademark registrations that are attached as Exhibit A.

27. The Defendants admit that Paragraph 27 summarizes the copies of various Massachusetts trademark registrations that are attached as Exhibit B.

28. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 28.

29. The Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 29.

30. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 30.

31. The Defendants state that Checkerboard has been in operation for more than two decades, predating the registrations listed in Paragraphs 26 and 27. The Defendants otherwise are without sufficient knowledge to admit or deny the allegations of Paragraph 31.

32. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 32.

**Defendants and their Businesses**

33. The Defendants state that Checkerboard originally used catalogues to market its products. Typically, a consumer worked with a retailer to select a style of invitation, paper stock, and envelope out of a catalogue. Typically, an order was faxed to Checkerboard where an operator at Checkerboard inputted the invitation or announcement into a software program which generated an image. Typically, the operator at Checkerboard would adjust the image for type size and layout, and then fax a proof back to the retailer. Sometimes, several different styles and layouts were considered and exchanged by facsimile until the consumer, working through the retailer, made a final selection. At that point, Checkerboard would print the selected invitation or announcement and send it to the retailer.

34. The Defendants state that beginning in the 1990s, Checkerboard purchased various software programs using various fonts, and believed that its purchase of the programs using the fonts allowed Checkerboard to conduct business as outlined in the response to Paragraph 33.

35. The Defendants state that they have not retained paperwork from the purchases of software programs, and thus are without sufficient knowledge to admit or deny the allegations of Paragraph 35.

36. The Defendants state that they have not retained paperwork from the purchases of software programs, and thus are without sufficient knowledge to admit or deny the allegations of Paragraph 36.

37. The Defendants state that from the earliest usage of software programs and fonts, Checkerboard networked computer workstations. The Defendants are otherwise without sufficient knowledge to admit or deny the allegations of Paragraph 37.

38. The Defendants state that they have not retained paperwork from the purchases of software programs, and thus are without sufficient knowledge to admit or deny the allegations of Paragraph 38.

39. The Defendants state that they have not retained paperwork from the purchases of software programs, and thus are without sufficient knowledge to admit or deny the allegations of Paragraph 39.

40. The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 40.

**Checkerboard and eInvite's Alleged Trademark Infringement and Breach of the License**

41. Checkerboard and eInvite state that checkernet.com and einvite.com allow retailers and direct consumers respectively to sit at remote keyboards and monitors, and input font selections and layouts directly to Checkerboard and eInvite, eliminating the need for facsimile delivery of proposed orders. The Defendants state that the processing of the information provided from remote keyboards and monitors is done only at Checkerboard and eInvite.

42. Checkerboard and eInvite state that checkernet.com and einvite.com allow retailers and direct consumers respectively to sit at remote keyboards and monitors, and input font selections and layouts directly to Checkerboard and eInvite, eliminating the need for facsimile delivery of proposed orders. The Defendants state that the processing of the information provided from remote keyboards and monitors is done only at Checkerboard and eInvite.

43. The Defendants state that all processing is done at Checkerboard or eInvite, but otherwise admit the allegations of Paragraph 43.

44. The Defendants state that all processing is done at Checkerboard or eInvite, but otherwise admit the allegations of Paragraph 44.

45. The Defendants state that all processing is done at Checkerboard or eInvite, but otherwise admit the allegations of Paragraph 45.

46. The Defendants admit the allegations of Paragraph 46.

47. The Defendants admit the allegations of Paragraph 47.

48. The Defendants state that a remote user can input instructions to create an image, but that the image is created at the Defendants' facility using the Defendants' software.

49. The Defendants admit the allegations of Paragraph 49.

50. The Defendants deny the allegations of Paragraph 50.

51. The Defendants state that they engaged in discussions with Monotype seeking to avoid the expense of litigation. The Defendants state that, while they do not need any additional licenses from Monotype, they have proposed various approaches to licensing for purposes of a settlement to avoid the expense of litigation. The Defendants otherwise deny the allegations of Paragraph 51.

52. The Defendants deny the allegations of Paragraph 52.

53. The Defendants deny the allegations of Paragraph 53.

54. The Defendants deny the allegations of Paragraph 54.

55. The Defendants deny the allegations of Paragraph 55.

56. The Defendants state that their customers are different from the customers of Monotype, and otherwise deny the allegations of Paragraph 56.

57. The Defendants state that their customers are different from the customers of Monotype, and otherwise deny the allegations of Paragraph 57.

58.     The Defendants state that their customers are different from the customers of Monotype, and otherwise deny the allegations of Paragraph 58.

59.     The Defendants state that their customers are different from the customers of Monotype, and otherwise deny the allegations of Paragraph 59.

60.     The Defendants state that Checkerboard paid the then applicable one-time license fees for every software program and related fonts that the Defendants currently use.

61.     The Defendants maintain that Checkerboard has not breached any EULA, and otherwise deny the allegations of Paragraph 61.

62.     The Defendants deny the allegations of Paragraph 62.

63.     The Defendants deny the allegations of Paragraph 63.

64.     The Defendants deny the allegations of Paragraph 64.

## **COUNT I**

65.     The Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1 through 64.

66.     The Defendants admit that Exhibit A includes copies of federal registrations, and otherwise state that the allegations of Paragraph 66 are allegations of law, to which no response is required.

67.     The Defendants deny the allegations of Paragraph 67.

68.     The Defendants deny the allegations of Paragraph 68.

69.     The Defendants state that their use of software programs and related fonts are pursuant to single payment licenses that they purchased, and otherwise deny the allegations of Paragraph 69.

70.     The Defendants deny the allegations of Paragraph 70.

71. The Defendants deny the allegations of Paragraph 71.

72. The Defendants deny the allegations of Paragraph 72.

73. The Defendants deny the allegations of Paragraph 73.

## **COUNT II**

74. The Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1 through 73.

75. The Defendants admit that Exhibit A includes copies of federal registration statements. The Defendants otherwise deny the allegations of Paragraph 75.

76. The Defendants deny the allegations of Paragraph 76.

77. The Defendants deny the allegations of Paragraph 77.

78. The Defendants deny the allegations of Paragraph 78.

79. The Defendants state that their use of software and associated fonts is pursuant to single payment licenses, and otherwise deny the allegations of Paragraph 79.

80. The Defendants deny the allegations of Paragraph 80.

81. The Defendants deny the allegations of Paragraph 81.

82. The Defendants deny the allegations of Paragraph 82.

## **COUNT III**

83. The Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1 through 82.

84. The Defendants admit that Exhibit B includes copies of registration statements for the marks listed in 84.

85. The Defendants deny the allegations of Paragraph 85.

86. The Defendants state that they have used software and associated fonts pursuant to single payment licenses, and otherwise deny the allegation of Paragraph 86.

87. The Defendants state that they have used software and associated fonts pursuant to single payment licenses, and otherwise deny the allegation of Paragraph 87.

88. The Defendants deny the allegations of Paragraph 88.

89. The Defendants deny the allegations of Paragraph 89.

90. The Defendants deny the allegations of Paragraph 90.

91. The Defendants deny the allegations of Paragraph 91.

## COUNT IV

92. The Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1 through 91.

93. The Defendants admit that Exhibit B includes copies of registration statements for the marks listed in 93.

94. The Defendants deny the allegations of Paragraph 94.

95. The Defendants deny the allegations of Paragraph 95.

96. The Defendants state that they have used software and associated fonts pursuant to single payment licenses, and otherwise deny the allegation of Paragraph 96.

97. The Defendants deny the allegations of Paragraph 97.

98. The Defendants deny the allegations of Paragraph 98.

99. The Defendants deny the allegations of Paragraph 99.

## COUNT V

100. The Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1 through 99.

101. The Defendants admit that they are engaged in trade or commerce, and state that the majority of their trade or commerce comes from outside of Massachusetts.

102. The Defendants deny the allegations of Paragraph 102.

103. The Defendants deny the allegations of Paragraph 103.

104. The Defendants deny the allegations of Paragraph 104.

## COUNT VI

105. The Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1 through 104.

106. The Defendants deny the allegations of Paragraph 106.

107. The Defendants deny the allegations of Paragraph 107.

108. The Defendants deny the allegations of Paragraph 108.

109. The Defendants deny the allegations of Paragraph 109.

110. The Defendants deny the allegations of Paragraph 110.

## COUNT VII

111. The Defendants repeat and incorporate by reference their responses to the allegations in Paragraphs 1 through 110.

112. The Defendants admit that contracts contain an implied covenant of good faith and fair dealing, and otherwise deny the allegations of Paragraph 112.

113. The Defendants deny the allegations of Paragraph 113.

114. The Defendants deny the allegations of Paragraph 114.

115. The Defendants deny the allegations of Paragraph 115.

## FIRST AFFIRMATIVE DEFENSE

The Defendants state that the claims of the Plaintiffs are barred by the applicable statutes of limitation.

## SECOND AFFIRMATIVE DEFENSE

The Defendants state that the Plaintiffs claims are barred by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

The Defendants state that their business of manufacturing invitations and announcements is separate and distinct from any business conducted by the Plaintiffs, and that there is no consumer confusion between the Defendants' business and any business conducted by the Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants state that their use of software programs and related fonts is pursuant to single payment licenses that they obtained, which predate any ownership that the Plaintiffs may have of various marks.

## FIFTH AFFIRMATIVE DEFENSE

The marks claimed by the Plaintiffs are in common use.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that there is any recognition or association of the fonts used by the Defendants, that recognition or association is with the original designers of the fonts and not with the Plaintiffs.

WHEREFORE, Checkerboard LTD and eInvite LLC demand that judgment enter dismissing the Complaint.

        CHECKERBOARD, LTD. AND
        eINVITE, LLC

        By their attorney,

        /s/ John O. Mirick
        John O. Mirick, Esq.
        BBO #349240
        Mirick, O'Connell, DeMallie & Lougee, LLP
        100 Front Street
        Worcester, MA 01608-1477
        Phone: (508) 791-8500
        Fax:    (508) 791-8502

Dated: June 2, 2014

### CERTIFICATE OF SERVICE

I, John O. Mirick, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ John O. Mirick

        John O. Mirick, Esq.

Dated: June 2, 2014