UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

MONOTYPE IMAGING INC., ET AL.,

    Plaintiffs,

    v.

CHECKERBOARD, LTD, ET AL.

    Defendants.

Civil Action No. 14-cv-12079LTS

## MOTION TO ENLARGE 30-DAY SETTLEMENT ORDER OR, IN THE ALTERNATIVE, TO REOPEN THE ACTION

On November 14, 2014, the Court issued a *30 Day Settlement Order of Dismissal & Closing Order* (the "30 Day Order") in response to the parties' communication that they had reached a settlement in principal. For the reasons set forth below, plaintiffs Monotype Imaging Inc., Monotype GmBH, Monotype ITC Inc., and MyFonts Inc. (together, "Monotype") request that the Court enlarge the 30 Day Order by an additional 30 days. In the alternative, if the Court does not enlarge time, Monotype moves to reopen the action to preserve it rights.

### BACKGROUND

The parties engaged in settlement discussions during the month of October 2014, which resulted in Monotype providing defendants Checkerboard, Ltd. and eInvite, LLC (together, "Checkerboard") with draft settlement agreement. Thereafter, the parties agreed that they were sufficiently close to finalizing settlement that it was prudent to inform the Court and the parties did so on November 12, 2014.

Since that time, the parties have continued their settlement discussions, largely focused on a few specific terms that require further negotiation. Monotype provided Checkerboard with

its comments on the disputed provisions on November 12, 2014.  Since that time, Checkerboard has not responded substantively to Monotype's repeated requests for a further response.  Specifically, Monotype has taken the following steps in an effort to finalize the agreement:

- November 20, 2014: Counsel for Monotype sent an email to counsel for Checkerboard clarifying its understanding that the next draft is coming from Checkerboard.  In a response email that same day, counsel for Checkerboard agreed and noted that he had revised the draft, but that his client was traveling and he needed to discuss it with him.

- December 1, 2014: Counsel for Monotype sent an email noting that the "thirty-day order expires two weeks from today" and requesting that Checkerboard provide its proposed revisions.  Counsel responded that he expected to respond mid-week.

- December 4, 2014: Having received nothing, counsel for Monotype sent an email to opposing counsel asking "Could you please let us know when you expect to have a substantive response on the outstanding terms of the settlement agreement?"  Counsel for Checkerboard did not respond.

- December 8, 2014: Counsel for Monotype sent an email to opposing counsel stating: "Sorry to be a pest, but the thirty (30) day order for us to reopen the matter if settlement is not reached expires on Sunday, December 14.  Accordingly, in the next few days we need to determine if we are going to be able to have everything wrapped up by the end of the week, if we will need to try to extend the thirty-day order or if we will need to reopen the matter.  If you could please get back to us with Checkerboard's comments as today, we would much appreciate it."  Counsel for Checkerboard did not respond.

- December 9, 2014: Counsel for Monotype sent an email to opposing counsel stating: "As I haven't received any response to my emails from last week and this week, I left you a couple of voicemail messages today hoping we could connect on the outstanding settlement issues.  Unfortunately, we have a practical issue here that the time on the thirty-day order is nearly up.  Accordingly, if we do not hear back from you tomorrow, we will have to either seek leave to enlarge the time for the parties to negotiate the settlement or seek to have the case reinstated.  We are hopeful that such a motion can be avoided if you can provide us with your latest comments on the settlement agreement shortly." Counsel for Checkerboard did not respond.

Monotype has been diligent in attempting to finalize the settlement within the 30 days, but the agreement remains incomplete.  It is still Monotype's understanding that Checkerboard intends to settle the matter and that there is very few items left to negotiate.  However, it is

2

unlikely that the agreement will be finalized before the 30 days expire.  As a result, Monotype requests an additional 30 days to permit the parties sufficient time to finalize the agreement.

In the event that that Court does not enlarge the time, there is good cause to reopen the action because Monotype has been diligent in providing a draft agreement and attempting to finalize it, and it has been prevented from doing so due to Checkerboard's inaction.  Monotype requests to reopen the matter in order to preserve its rights in the event that request for enlargement of time is denied.

        Respectfully submitted,

        MONOTYPE IMAGING INC.,
        MONOTYPE GMBH, MONOTYPE ITC
        INC, and MYFONTS INC.

        */s/ Mark S. Puzella*
        Mark S. Puzella (BBO No. 644850)
        Sheryl Koval Garko (BBO# 657735)
        Andrew Pearson (BBO# 688709)
        Fish & Richardson P.C.
        One Marina Park Drive
        Boston, MA 02210-1878
        Phone: (617) 542-5070
        Fax: (617) 542-8906
        E-Mail: puzella@fr.com
        garko@fr.com
        apearson@fr.com

Dated: December 11, 2014

## **CERTIFICATE OF SERVICE**

I, Mark S. Puzella, counsel for Plaintiffs, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 11, 2014.

*/s/ Mark S. Puzella*_____
Mark S. Puzella